## FIRST TEXAS PRUDENTIAL LIFE INS. CO. v. HENDRIX et al.

No. 4072.

Court of Civil Appeals of Texas. Texarkana.

Oct. 16, 1931.

Rehearing Denied Oct. 29, 1931.

Williams & Williams, of Mt. Pleasant, for appellant.

Hiram G. Brown, of Mt. Pleasant, and R. T. Wilkinson, Jr., of Mt. Vernon, for appellee.

SELLERS, J.

This suit was instituted in district court of Franklin county, Tex., by Carrie Lou Hendrix, joined pro forma by her husband, E. A. Hendrix, against the First Texas Prudential Life Insurance Company to recover on a policy of life insurance issued to Esco Kinder. The appellee, Carrie Lou Hendrix, was the beneficiary named in the policy. The application in writing for the policy was made December 4, 1929. The policy was delivered to the insured on December 14, 1929. The application for the policy required the insured to answer certain questions, to wit:

"Have you ever been affected with cancer?" Answer: "No."

"Have you ever had any illness? If so, give details as to nature, date, duration, result and name of physician or surgeon." Answer: "None."

"Have you consulted or been treated by any physician or physicians in the last three years?" Answer: "No."

"Have you ever been in any hospital, sanitorium, or other institution for treatment? If so, state when and where and reason in each case?" Answer "No."

The application which was signed by the insured also contained the following: "I agree, in behalf of myself and of every person who shall claim any interest in any policy issued in consequence hereof as follows: (1) the Company shall incur no liability upon account of this application, or any policy issued in consequence hereof, until such policy shall be actually delivered to me and accepted by me during my lifetime and good health."

The insured died in May, 1930.

The appellant pleaded in avoidance of the contract of insurance that at the time of the application and the delivery of the policy the insured was affected with cancer of the lung, and had prior thereto, to wit, in October, November, and December, 1929, consulted with and been treated by physicians; and his answers to above questions were untrue and false and the insurance never, by its terms, became effective, because the insured was not at time of application and delivery of the policy in sound health.

In response to special issues submitted, the jury found:

(1) That the insured was in good health on the date of the application;

(2) That the insured was in good health when the policy sued on was delivered to him;

(3) That the insured prior to the date of application for insurance and the delivery of the policy was not affected with cancer;

(4) That insured had not consulted or been treated by a physician within three years before the date of his application for insurance;

(5) That the insured had not been in any hospital or sanitorium or any other institution for treatment prior to his application for insurance.

Upon the above findings of the jury the court entered judgment for appellee, and appellant has prosecuted this appeal.

As viewed by this court, the overwhelming preponderance of the evidence as to the condition of Esco Kinder's health on the date of the delivery of the policy was contrary to the findings of the jury, and the trial court erred in entering judgment for the appellee based upon such findings.

We shall not undertake to set out at length the evidence upon this issue, but shall give the substance of the evidence relied upon by both appellant and appellee. The evidence

811

offered by appellant upon this issue is substantially as follows:

"Esco Kinder's mother and father lived near Merkel, Texas, and his sister, Mrs. Hendrix, the beneficiary in the policy, lived near Winfield, in Titus County, Texas.

"Dr. Sadler, who resided at Merkel, Texas, testified that Esco Kinder came to his office for an examination at Merkel, Texas, the first time about October 26, 1929. That he examined Esco Kinder and his diagnosis was that Esco Kinder was at that time suffering from a cancer of the lung. That he, Dr. Sadler, continued to treat Esco Kinder from time to time during November, December, and on up until his death on May 16, 1930. It is made to appear from Dr. Sadler's testimony that the condition found in Esco Kinder's lung was an unusual one and that the case attracted so much attention among the medical profession that he took Esco Kinder before the Taylor County Medical Association on November 26, 1929, where probably more than forty physicians were present, and the physical condition of Esco Kinder was the subject of discussion by the Taylor County Medical Association. The said Esco Kinder on that occasion was also examined by other physicians. That in making his examination in October, Dr. Sadler caused X-ray pictures to be made which showed the diseased condition of Esco Kinder's lung. The evidence of Dr. Sadler is to the effect that he and other physicians diagnosed the condition as cancer of the lung, and that Esco Kinder was suffering from this disease from the time he first saw him in October, 1929, until his death in May, 1930; and that at his death he secured permission of the father and mother of Esco Kinder to perform an autopsy upon the body to verify the diagnosis of himself and other doctors. That an autopsy was held, on the morning after Esco Kinder died, in the presence of a number of doctors and that it was found he had cancer of the left lung which extended throughout the left chest cavity and were numerous matastises into the abdominal cavity, with the left lung broken down with many adhesions of the lung to the pleura and chest walls. It was also the opinion of Dr. Sadler that the life expectancy of Esco Kinder at the time he first saw him was about six months. At the time of his death Esco Kinder was about 23 years of age. Dr. Sadler's testimony as to the condition of Esco Kinder was corroborated by the testimony of a number of other doctors."

Appellee's evidence as to the condition of Esco Kinder's health at the time the policy was delivered to him consisted of testimony of lay witnesses who had known him practically all his life, and was to the effect that: They saw him from time to time in the fall of 1929, and that he appeared healthy and looked as he had always looked. That on one occasion in the fall he helped to load a car of cotton seed. On another occasion he hauled some logs. That he ran a stalk cutter; that he chunked some cats at a county fair in Franklin county; that he wrestled with the other boys; in fact, there was nothing detected on the part of witnesses who testified on part of appellee that would indicate that anything was wrong with Esco Kinder during the fall of 1929. All of the witnesses testifying for appellee lived in and around Winfield, in Titus county, Tex. The husband of appellee testified that Esco Kinder worked for him in the fall of 1929, and did not go to Merkel, Tex., until just before Christmas. This is the only witness who testified that Esco Kinder was not in Merkel in October and November, 1929; and his evidence was impeached by the attorney representing the appellant to the effect that he had told him (the attorney) that Esco Kinder and appellee went to Merkel in October on the train. The appellee did not testify in the case, notwithstanding that she had, in making proof of loss to collect the insurance, given the name of Dr. Sadler as the physician who treated Esco Kinder during his last illness. And the record discloses that she wrote a letter to Dr. Sadler, asking him to change the date of his first visit to Esco Kinder to some time after December 14, when the policy of insurance was delivered, in order that she might collect the insurance, and if he was not in position to do this to please give her the name of some other physician who could fill out a death certificate which would show the first visit to be after December 14, 1929. Neither did the father or mother of Esco Kinder testify in the case. Only two doctors testified in behalf of appellee, and neither of them had examined Esco Kinder or gave expert testimony that was in any way conflicting to that given by Dr. Sadler and the other physicians who corroborated Dr. Sadler's testimony.

It appears from this record that the testimony of the doctors at Merkel, Tex., who treated Esco Kinder is uncontradicted, at least from the latter part of December, 1929, until the death of Esco Kinder in May, 1930, and the only contradiction of the testimony of the doctors prior to that time is that of lay witnesses who based their opinion as to the condition of Esco Kinder's health on December 14, 1929, on his personal appearance and his ability to do work.

In this state of the record, it is our opinion, as before stated, that the overwhelming preponderance of the evidence was contrary to the jury's finding that Esco Kinder was in good health on the date the policy was delivered to him, and the jury's finding thereon was unwarranted by the evidence.

For this reason, the judgment of the trial court will be reversed, and the cause remanded.